ODEM v. CAIN et al. (No. 6346.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 25, 1920.)

1. APPEAL AND ERROR ⟨⟩460(2) — WHERE TRIAL COURT DID NOT SO PROVIDE, APPEAL FROM ORDER DENYING TEMPORARY INJUNCTION DID NOT SUSPEND SUCH DENIAL.

Under Rev. St. 1911, art. 4644, amended by Acts 36th Leg. (1919) c. 17, where the trial court did not order that an order denying an application for a temporary injunction should be suspended, the perfection of an appeal did not have the effect of suspending the order.

2. APPEAL AND ERROR ⟨⟩781(7) — APPEAL WILL BE DISMISSED WHERE CASE HAS BECOME MOOT BY COMPLIANCE WITH JUDGMENT.

Where an application to enjoin the commissioners of a road district from paying an attorney's fee was denied, and the appeal did not suspend the order denying the writ, and the fee was paid, the appeal must be dismissed; the case having become moot.

Appeal from District Court, San Patricio County; M. A. Childers, Judge.

Application by D. Odem for a temporary injunction against R. A. Cain and others. From an order denying the temporary injunction, applicant appeals. Cause dismissed.

James G. Cook, of Sinton, for appellant.
T. D. Cobbs, Jr., of San Antonio, for appellees.

FLY, C. J. This is an application for a temporary injunction to restrain C. B. McAnally, R. A. Cain, and M. L. Mahoney, composing the board of permanent road commissioners of defined road district No. 4 of San Patricio county, Tex. from paying attorney fees to Cobbs, Cobbs & Dougherty amounting to $550 out of the funds of said road district; it being alleged that said fees were due by said commissioners in their individual capacity, and were not a legitimate charge against the district. The attorneys were made parties to the suit. The cause was heard on the application for a temporary injunction, and the writ denied. From that interlocutory order this appeal has been perfected.

[1, 2] The court did not order that the

order denying the writ should be suspended, and under the statute the appeal did not have the effect of suspending the order. Article 4644, Rev. Statutes, amended by Thirty-Sixth Legislature, February 19, 1919, Gen. Laws, Reg. Session 1919, c. 17. There was nothing, therefore, to prevent the commissioners from paying the attorney's fees, and an affidavit has been filed herein by T. D. Cobbs, Jr., one of the appellees, that the fee has been fully paid off and discharged. It follows that the subject-matter of the application for an injunction has been destroyed, and there is no concrete question before this court for its decision.

The cause is dismissed.

COBBS, J., did not sit in this case.